Filed 2/28/22  P. v. D.F. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.F.,<br><br>        Defendant and Appellant. | A162417<br><br>(Contra Costa County Superior Court No. J15-00199) |

After numerous sustained juvenile petitions, probation violations, and adult arrests, the juvenile court terminated defendant D.F.'s status as a non-minor dependent and set aside its placement order.  Counsel for D.F. filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel also informed D.F. that he had the right to file a supplemental brief on his own behalf, but he declined to do so. Because this appeal is not a first appeal from a criminal conviction, and because defendant has failed to file a supplemental brief requesting our independent review of any issues, we will dismiss the appeal.

1

## BACKGROUND

D.F.'s first sustained juvenile petition was on August 5, 2016, shortly after his fifteenth birthday. He was declared a ward of the court and placed on home supervision. Within four months, he had admitted two violations of the conditions of his probation, one for misdemeanor battery and another for removing his ankle monitor and leaving home. In 2017, new supplemental petitions and probation violations were sustained based on incidents involving shoplifting, assault, and violating his curfew. After an additional probation violation in 2018, D.F. was placed out of his mother's home at the Boys Republic facility on October 30, 2018.

In early May 2019, a few weeks before his 18th birthday, D.F. was involved in multiple incidents relating to his placement at Boys Republic, including verbal and physical altercations with peers and staff, as well as damaging a Boys Republic rented car. Boys Republic staff requested emergency removal of D.F. from the facility, and the probation department filed a notice of violation alleging that D.F. had violated the conditions of his probation. D.F. admitted a probation violation on May 20, 2019; he was released to his mother's custody, but she had repeatedly stated she did not want to house him.

On June 3, 2019, a few days after D.F.'s 18th birthday, the probation department recommended that D.F. be adjudged a non-minor dependent (NMD) and continued as a ward of the juvenile court, and the court adopted that recommendation. D.F. moved

into a transitional housing placement in Antioch on September 27, 2019.

On October 9, 2019, another probation violation petition was filed, alleging that D.F. had committed an armed robbery. D.F. was arrested and detained in his juvenile case, and adult charges were also filed. In January 2020, the juvenile court terminated D.F.'s wardship as unsuccessful and terminated his NMD status.

In October 2020, D.F. filed a request to return to juvenile court jurisdiction and extended foster care (EFC). In connection with that request, D.F. stated he understood that failure to participate in the activities described in his transitional independent living case plan (TILCP) could result in his case being closed. On October 30, 2020, the court reinstated D.F.'s NMD status and placed him again in EFC, finding that D.F. intended to satisfy the Welfare and Institutions Code[1] section 11403, subdivision (b) requirements by attending a program or participating in an activity that will promote or help remove a barrier to employment. (§ 11403, subd. (b) [setting eligibility criteria for NMD status, including "participating in a program or activity designed to promote, or remove barriers to employment"].)

The juvenile probation department reported that D.F. was "doing outstanding" in April 2021, as he was living in a transitional housing program and working part-time. By July

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

2021, however, the department filed a report recommending that the juvenile court again terminate D.F.'s NMD status, as D.F.'s adult probation officer reported that D.F. had been arrested in early June 2021 (shortly after his 20th birthday) and was facing a felony charge of being a felon in possession of a firearm. D.F. had been remanded on this charge in adult court and was in custody at the Martinez Detention Facility.

At an August 17, 2021 hearing (to which D.F. refused to be transported from the Martinez Detention Facility), the juvenile court found that it was not in D.F.'s best interests to remain under juvenile court jurisdiction. The court further found that D.F. did not meet the section 11403, subdivision (b) criteria to remain in foster care as an NMD and that D.F. was not participating in a reasonable and appropriate TILCP. The court therefore terminated D.F.'s NMD status, set aside his placement, and terminated juvenile court jurisdiction, without prejudice to D.F. applying to be reinstated as an NMD in the future.

D.F.'s counsel in the juvenile court filed a notice of appeal.

## DISCUSSION

As noted, D.F.'s appellate counsel filed an opening brief asking that this court conduct an independent review of the record pursuant to *Wende* (1979) 25 Cal.3d 436. Counsel also informed defendant that he had the right to file a supplemental brief on his own behalf, but defendant has not done so.

*Wende* review is constitutionally required only from a defendant's first appeal from a criminal conviction. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted October

4

14, 2020, S264278 (*Cole*) [*Wende* does not apply to appeals from the denial of postconviction relief]; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870 [following *Cole*].) As explained in *Cole*: "*Wende* set forth the procedures to be followed during the defendant's 'first appeal of right'—that is, during the direct appeal of his judgment of conviction and sentence." (*Cole,* at p. 1031; *People v. Freeman* (2021) 61 Cal.App.5th 126, 133 [*Wende* procedures are inapplicable to appeal from an order revoking post-release community supervision, as such an appeal is not a direct appeal from a judgment of conviction]; *In re Sade C.* (1996) 13 Cal.4th 952, 959 [no *Wende* review in appeals from orders affecting parental custody in juvenile dependency cases]; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1425 [no *Wende* review of order denying outpatient status pursuant to petition to restore competency under § 1026.2].)

We will apply the reasoning of *Cole* and similar cases here, as defendant's appeal from the order terminating his NMD status and setting aside his EFC placement is not a direct appeal from a judgment of conviction. Because defendant has failed to file a supplemental brief raising any issues for our review, we shall dismiss the appeal. (*Cole, supra,* 52 Cal.App.5th at p. 1028 [court may "dismiss appeal as abandoned" when counsel files a *Wende* brief and defendant fails to file a supplemental brief].)

We briefly note, however, that the result would be no different if we exercised our discretion to conduct an independent review of the juvenile court's orders. (*People v. Flores* (2020)

5

54 Cal.App.5th 266, 269 [court may exercise discretion to conduct *Wende* review even where it is not constitutionally required].) We review the decision to terminate NMD status for abuse of discretion. (*In re Aaron S.* (2015) 235 Cal.App.4th 507, 517.) Under section 452, the court "shall continue its jurisdiction to allow a nonminor dependent *who is eligible for foster care placement pursuant to Section 11403* to remain in foster care," unless certain exceptions apply. (§ 452, subd. (b), italics added.) Similarly, section 391 provides that a court shall continue dependency jurisdiction over a NMD unless the NMD cannot be located, the NMD no longer wishes to remain in dependency jurisdiction, or the NMD is not participating in a reasonable and appropriate TILCP. (§ 391, subds. (e)(1), (f).) Section 11403, subdivision (b) describes the requirements of a TILCP. (See *In re Leon E.* (2022) 74 Cal.App.5th 222, 227.) That statute requires a NMD to be employed at least 80 hours per month; participating in secondary, postsecondary, or vocational education; engaged in a program or activity designed to promote or remove barriers to employment; or incapable of engaging in any of the foregoing qualifying activities due to a medical condition. (§ 11403, subd. (b).) The juvenile court appropriately found that D.F. no longer remained an eligible NMD under section 11403, subdivision (b) in light of D.F.'s most recent criminal activity and his incarceration since June 5, 2021. Particularly given that D.F. already had an adult probation officer, the juvenile court did not abuse its discretion in terminating D.F.'s NMD status, setting

aside his EFC placement, and terminating juvenile court jurisdiction.

## DISPOSITION

The appeal is dismissed.

BROWN, J.

WE CONCUR:

POLLAK, P. J.
DESAUTELS, J.*

*People v. D.F.* (A162417)

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.